### KLAN v. STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10626. Decided April 21, 1930

Artl & Smolka, Cleveland, for Klan.

F. W. Garmone, Cleveland, for State.

was with his father and that they stopped nowhere except at those places where they wanted to get window panes and that his father went to three separate places; that in going down-town and in going home, he stopped at all the red lights and that his father did not drink anything after they left home. Both the plaintiff in error and his wife testify that he did not drink anything beforehand. It is true the father said he had a bad cold and that on the day before he had a hot drink, but for all his testimony that hot drink might have been Bulgarian tea or any other hot drink that one might take for a cold; however, he admits it was liquor but that he had none that day. If that be true, there hardly would be a smell of liquor lasting over the night and well into the afternoon of the next day.

In the face of the positive testimony of the plaintiff in error, his wife and his son, and in the face of the fact that he had driven this automobile through all the traffic from East 131st Street down through the town through the heavy traffic, and had driven it back again with no indications of anything being wrong, it would seem that it would take more than a mere smell of liquor on one's breath to prove that one was intoxicated.

One cannot help but sympathize with the trial court in trying to stop the driving of automobiles upon our streets by intoxicated persons, but it is rather difficult to set a hard and fast rule to govern all cases under such circumstances. Anyway before a man should be convicted and sent to the Workhouse and have a fine imposed upon him for Two Hundred Dollars, there must be evidence which would warrant such a punishment and, so far as this record shows, this man was a hard working individual and had no record of any kind against him, and it seems like a rather severe penalty to assess upon him for the offense that was committed, if any were committed, in this case.

I suspect that the policeman driver of the automobile which came in contact with the automobile driven by the plaintiff in error was incurred by the verbal controversy that took place between them when he called this man down for driving into him. Probably had he been in his uniform there would not have been any controversy, and hence no arrest.

However that might be, we think the evidence in this case is not sufficient to warrant the imposition of a fine and the sentence that was meted out upon the plaintiff in error in this case.

Taking the whole record, one cannot help but doubt whether this man was intoxicated or not, and whatever doubt there is, must be given to the defendant, the plaintiff in error here.

Having gone over this whole record, we are constrained to come to the conclusion that there is not sufficient evidence to sustain the conviction in this case and the judgment of the court will be reversed and the plaintiff in error discharged.

Sullivan and Levine, JJ., concur.

**VICKERY, PJ.**

The evidence of the police officers, three of them, is not very strong. The officer who was in the automobile says that he smelled liquor on the breath of the plaintiff in error, but that his walk was natural; at least, there was nothing unusual about it; that his voice was a little husky. As to the other two officers, one of them said that his breath smelled of liquor and the other that his voice was gruff, and that he walked rather unsteady. This is all the evidence that the State introduced.

Now on the part of the plaintiff in error there was himself, his wife and the boy and they all testified that the plaintiff in error did not drink anything that day. The boy testifies clearly and concisely that he